1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY BOWEN,<br><br>            Petitioner,<br><br>    v.<br><br>SCHULTZ,<br><br>            Respondent. | Case No. 1:24-cv-00867-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE |

Petitioner Jerry Bowen is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. As the petition is unexhausted, the undersigned recommends dismissal of the petition without prejudice.

## I.

## BACKGROUND

On July 30, 2024, Petitioner filed the instant petition for writ of habeas corpus. (ECF No. 1.) On August 12, 2024, the Court ordered Petitioner to show cause why the petition should not be dismissed as unexhausted. (ECF No. 4.) To date, no response to the order to show cause has been filed, and the time for doing so has passed.

## II.

## DISCUSSION

The Rules Governing Section 2254 Cases ("Habeas Rules") require preliminary review of a habeas petition and allow a district court to dismiss a petition before the respondent is

1  ordered to file a response, if it "plainly appears from the petition and any attached exhibits that

2  the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254

3  Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

4        A petitioner in state custody who is proceeding with a petition for writ of habeas corpus

5  must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based

6  on comity to the state court and gives the state court the initial opportunity to correct the state's

7  alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v.

8  Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by

9  providing the highest state court with a full and fair opportunity to consider each claim before

10  presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v.

11  Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

12        In Petitioner's sole claim for relief, Petitioner appears to assert that his gun and gang

13  sentencing enhancements should be vacated based on California Senate Bill 620 and People v.

14  Tirado, 12 Cal.5th 688, 695 (2022). (ECF No. 1 at 5.[1]) The petition states that Petitioner did not

15  appeal his judgment of conviction, did not seek further review by a higher state court, and did

16  not previously file any other petitions, applications, or motions concerning the judgment of

17  conviction in any state court. (Id. at 2, 3.) It is possible that Petitioner has presented his claim to

18  the California Supreme Court and failed to indicate this to the Court. However, as Petitioner has

19  not responded to the order to show cause, it appears that Petitioner failed to exhaust his claim in

20  the petition. If Petitioner has not sought relief in the California Supreme Court for the claim that

21  he raises in the instant petition, the Court cannot proceed to the merits of that claim. 28 U.S.C.

22  § 2254(b)(1).

23                                    **III.**

24                         **RECOMMENDATION & ORDER**

25        Accordingly, the undersigned HEREBY RECOMMENDS that the petition for writ of

26  habeas corpus be DISMISSED WITHOUT PREJUDICE for failure to exhaust state court

27  remedies.

28  _____
[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1   Further, the Clerk of Court is DIRECTED to randomly assign a District Court Judge to
2   the present matter.

3   This Findings and Recommendation is submitted to the assigned United States District
4   Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local
5   Rules of Practice for the United States District Court, Eastern District of California. Within
6   **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file
7   written objections, **no longer than fifteen (15) pages, including exhibits**, with the Court and
8   serve a copy on all parties. Such a document should be captioned "Objections to Magistrate
9   Judge's Findings and Recommendation." The assigned United States District Court Judge will
10  then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are
11  advised that failure to file objections within the specified time may waive the right to appeal the
12  District Court's order. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v.</u>
13  <u>Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

14

15  IT IS SO ORDERED.

16  Dated:   **November 5, 2024**                    /s/ _Erica P. Grosjean_
17                                                   UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28